UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TIERRA VANCE, individually and on behalf
of the estate of JULIANNA PEREZ,

                Plaintiff,

     - against -

CITY OF NEW YORK, MERCY FIRST,
JOHN B. MATTINGLY, as Commissioner of
New York City's Administration for
Children's Services, ARLENE VAUGHAN,
individually and in her official capacity, and
LAKEASHA WILLIAMS, individually and in
her official capacity,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No. 09 CV 5372 (RRM) (MDG)

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR APPROVAL OF SETTLEMENT

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY  10017
(212) 450-4000

*Attorneys for Plaintiff Tierra Vance*

February 17, 2012

Plaintiff Tierra Vance, individually, on behalf of herself, and as Administrator of the Estate of her daughter, Julianna Perez (the "Estate"), respectfully submits this Memorandum of Law in support of her motion seeking approval of a $50,000 settlement entered into with the Defendants in the above-captioned matter.

## PROCEDURAL HISTORY

Julianna Perez, the daughter of Tierra Vance and Julio Perez, died on December 6, 2006, while in the care and custody of New York City's Administration for Children's Services and Mercy First. On December 4, 2009, Ms. Vance filed a *pro se* complaint on her own behalf against the City of New York and Mercy First alleging a violation of 42 U.S.C. § 1983.

On April 11, 2011, Ms. Vance petitioned the Surrogate's Court for Kings County for Letters of Administration for the estate of Julianna Perez. (Affidavit of Sharon Katz ("Katz Aff.") ¶ 5.) Ms. Vance obtained Letters of Administration from the Surrogate's Court on May 11, 2011. (Katz Aff. Ex. B.)

On May 20, 2011, Ms. Vance filed an Amended Complaint against the original defendants, adding as defendants the Commissioner of New York City's Administration for Children's Services and two other individual defendants, and asserted claims under 42 U.S.C. § 1983 alleging that all Defendants had violated Ms. Vance's due process right under the Fourteenth Amendment of the United States Constitution to care for and raise her child and had violated Julianna's due process right to be free from bodily harm while in state custody.

The Defendants, in letters sent to the Court on July 8, 2011 and July 12, 2011, stated their respective intentions to move to dismiss the Amended Complaint on statute of limitations grounds and for failure to assert claims for municipal liability as against the two institutional defendants. Plaintiff filed letters in opposition and a pre-motion conference was held before

Judge Mauskopf on July 19, 2011. Thereafter, following voluntary exchanges of documents, the parties commenced settlement negotiations in which they were aided by Magistrate Judge Go. (*Id.* at ¶ 10.) After extensive settlement negotiations, Ms. Vance and Defendants agreed to settle all claims for the amount of $50,000. (*Id.* at ¶ 11.) For the reasons set forth below, Plaintiff respectfully asks that the Court approve the settlement and transfer the matter to the Surrogate's Court for Kings County for allocation and distribution.

## ARGUMENT

Pursuant to the decree granting Plaintiff's Letters of Administration, Plaintiff is "restrained from compromising any cause of action until further court order pursuant to EPTL 5-4.6." (Katz Aff. Ex. B); *see* EPTL 5-4.6(a) ("[T]he court in which an action for wrongful act, neglect or default causing the death of a decedent is pending . . . shall, after inquiry into the merits of the action and the amount of damages proposed as a compromise either disapprove the application or approve in writing a compromise for such amount as it shall determine to be adequate."). This Court has concurrent jurisdiction with the Surrogate's Court to approve any settlement pursuant to EPTL 5-4.6. *Pollicina v. Misericordia Hosp. Medl. Ctr.*, 624 N.E.2d 974, 977 n.2 (N.Y. 1993) ("Where the action is pending in a Federal District Court, that court has jurisdiction concurrent with that of the Surrogate's Court."); *see* Local Civil Rule 83.2(b) ("Where required by statute or otherwise, the Court shall apportion the avails of the action, and shall approve the terms of any settlement."); *Goldstein v. St. Luke's-Roosevelt Hospital Ctr.*, 430 F.3d 106, 108 (2d Cir. 2005). In reviewing the proposed settlement, the court "must determine whether the proposed settlement is fair and reasonable, including the amount to be paid and the parties' arrangement for the payment of costs and attorney's fees." *Hylton v. N.Y. Methodist Hospital*, No. 08 Civ. 3956 (RRM)(MDG), 2010 U.S. Dist. LEXIS 41076, at *2 (E.D.N.Y. Mar.

30, 2010), *report and recommendation adopted in* 2010 U.S. Dist. LEXIS 41117 (E.D.N.Y. Apr. 27, 2010). After approving the settlement, the court may choose to transfer the matter to the Surrogate's Court "for the limited purpose of administering the proceeds of an *approved* settlement." *Pollicina*, 82 N.E.2d at 976 (emphasis in original); *see also Conjero v. LaJam*, 738 N.Y.S.2d 539, 541 (Sup. Ct. Queens Cty. 2002) ("[EPTL 5-4.6] empowers, but does not require, transfer of the matter to the Surrogate's Court to determine the issues of allocation and distribution of proceeds and related matters, after the compromise has been approved.") (internal citations omitted).

In the instant case, the proposed settlement amount, which was reached after arm's-length settlement negotiations overseen by Magistrate Judge Go, is fair and reasonable and should be approved. (Katz Aff. ¶ 10). This matter should then be transferred to the Surrogate's Court for Kings County for allocation and distribution, where all parties with interests in the Estate will be given notice to appear. *See Pollicina*, 82 N.E.2d at 976 (noting that the Surrogate's Court is the "preferred" forum for distribution of settlement proceeds because all parties interested in the estate will be present).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks the Court to approve the settlement in the amount of $50,000 and order that the entirety of the settlement be deposited, by counsel for plaintiff, into an interest-bearing escrow account at a bank located in the City of New York until such time as the Surrogate's Court of Kings County, New York authorizes the manner in which the proceeds of the within settlement should be allocated and distributed, in accordance with applicable law.

Dated:   New York, New York
         February 17, 2012

                                        DAVIS POLK & WARDWELL LLP

                                        By: /s/ Sharon Katz /MEL
Of Counsel:                                 Sharon Katz
Joshua Dugan
Margaret Lee

                                        450 Lexington Avenue
                                        New York, New York  10017
                                        (212) 450-4000

                                        *Attorneys for Plaintiff Tierra Vance*

4